UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CASE NO.: 1:11-CR-43-TLS |
| | ) | |
| CARLOS MENDOZA BARRERA | ) | |

**OPINION & ORDER**

The Defendant, Carlos Mendoza Barrera, has filed six pretrial motions: Motion in Limine and for Notice by the Government of the Intention to Rely Upon Other Bad Acts Evidence and Regarding Co-conspirators Evidence and Request for Preliminary Determination of Admissibility [ECF No. 35]; Motion for Discovery and Inspection [ECF No. 36]; Motion to Discover Evidence Favorable to Defendant [ECF No. 37]; Motion for Discovery and Inspection Concerning Government Use of Informants, Operatives, and Cooperating Individuals [ECF No. 38]; Motion to List Witnesses [ECF No. 39]; and, Motion Requesting Notice From Government of its Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) [ECF No. 40].

**A.     Notice of Other Crimes, Wrongs, or Bad Acts & Co-conspirator's Statements**

In his Motion in Limine and for Notice by the Government of the Intention to Rely Upon Other Bad Acts Evidence [ECF No. 35], the Defendant requests that the Court (1) order the Government to give notice of its intention to use evidence of the Defendant's other crimes, wrongs, or acts in the trial, (2) instruct the attorneys and witnesses to refrain from mentioning any extraneous offenses without a prior ruling from the Court, and (3) bar the Government from attempting to introduce statement of co-conspirators under Federal Rule of Evidence 801(d)(2)(E) unless and until the Defendant's membership in the conspiracy has been established

through a hearing conducted outside the presence of the jury. In a separate Motion [ECF No. 40], the Defendant repeats his request that the Government provide notice of any wrongs or acts that it intends to use pursuant to Rule 404(b).

In response [ECF No. 46], the Government provides a narrative of certain evidence it intends to introduce to prove the charge of conspiracy to possess with intent to distribute marijuana. The Indictment charges that the Defendant conspired to possess with intent to deliver marijuana from March 28, 2011, until March 31, 2011. The Government intends to introduce evidence that the Defendant distributed marijuana on March 30, 2011. The Government submits that the evidence is admissible under Rule 404(b) because it is not offered to show that the Defendant has a propensity to commit a crime and acted in accordance with that propensity, and it meets the four-part test the Seventh Circuit has articulated for the admission of such material. The Government has provided the Defendant "reasonable notice in advance of trial . . . of the general nature," Fed. R. Evid. 404(b), of the other bad acts it intends to introduce at trial and the Defendant's request for an order directing the Government to provide notice is moot.[1]

The Defendant also moves for an instruction to Government counsel and witnesses "to refrain from mentioning . . . any extraneous offense of which this accused is not charged explicitly in the allegations of the Indictment herein, without the United States Attorney first approaching the bench with [defense counsel] and obtaining a ruling from the Court, outside the

---

[1] To the extent the evidence is direct evidence of the charged crime instead of "other bad acts" it is admissible without reference to Rule 404(b). *See United States v. Gorman*, 613 F.3d 711, 717 (7th Cir. 2010) ("We start with the premise that direct evidence of a crime is almost always admissible against a defendant.") (citing Fed. R. Evid. 401 & 403); *United States v. Alviar*, 573 F.3d 526, 538 (7th Cir. 2009) ("When evidence is embraced by the conspiracy in the indictment, the court need not resort to Rule 404(b) analysis."); *see also United States v. Adams*, 628 F.3d 407, 415 (7th Cir. 2010) (finding that the defendant's drug arrests provided direct evidence of the defendant's role in the charged conspiracy to distribute drugs).

presence and hearing of the Jury." (Motion in Limine ¶ 2, ECF No. 35.) Because the Government has provided sufficient notice to the Defendant that it intends to introduce materials related to other bad acts, the Motion is denied as moot. If the Defendant believes a basis exists for challenging the admission of this evidence, he has ample opportunity to address those concerns before trial. If a witness begins to offer testimony at trial that was not previously disclosed under Rule 404(b), or to which the Defendant believes another Rule of Evidence applies, the Defendant may object at trial thus prompting a ruling from the Court. A preliminary ruling that prohibits testimony of any "extraneous offense" is too vague and broad to be helpful.

The Defendant's request that before the Government offers a co-conspirator's statements under Rule 801(d)(2)(E) it must establish the Defendant's membership in a conspiracy and that the statement was made in furtherance of the conspiracy is well taken. *See United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). The Government has not indicated its intentions with regard to *Santiago* proffers.[2] The Court directs the Government to provide such proffers by the time of the Final Pretrial Conference. The Court, however, denies the Defendant's request that the Court conduct a hearing outside the presence of the jury regarding the admissibility of proffered Rule 801(d)(2)(E) evidence. The Court will follow the procedure set forth by the Seventh Circuit in *United States v. Andrus.* 775 F.2d 825, 836–37 (7th Cir. 1985) (setting forth procedures for determining whether the government has met its burden under *Santiago* and finding that a "full blown" hearing is inefficient and potentially duplicative).

---

[2] The Government did not file a response to the Motion [ECF No. 35].

**B.      Rule 16 Discovery and Exculpatory Material**

In his Motion for Discovery and Inspection, the Defendant invokes Federal Rule of Criminal Procedure 16 and the Fifth and Fourteenth Amendments to the Constitution to request that he be permitted to copy or photograph the items and material as set forth in seventeen numbered paragraphs. Some of the items requested include the Defendant's recorded statements; the Defendant's prior criminal history; any tangible objects obtained during the investigation; any recordings of the Defendant, any co-defendants, or unindicted co-conspirator that the Government intends to use as evidence; any other evidence upon which the Government relied in returning the Indictment or plans to offer as evidence; statements of co-defendants; names and addresses of potential witnesses or persons with knowledge pertaining to the case; written statements of co-defendants the Government plans to call as witnesses; the transcript or testimony of all persons who testified before the Grand Jury; and exculpatory material.  In the Defendant's Motion to Discover Evidence Favorable to Defendant, he repeats his request that the Court enter an order directing the Government to produce and provide access to information that "is favorable to the Defendant or that will tend to exculpate the Defendant from the criminal charges" against him. (Motion to Discover, ECF No. 37.)

Discovery in criminal matters is governed by Federal Rule of Criminal Procedure 16. The Rule requires that the government, upon the defendant's request, disclose the substance of any relevant oral statement made by the defendant in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. Fed. R. Crim. P. 16(a)(1)(A). The defendant's written or recorded statements, and his prior criminal record are also discoverable. Fed. R. Crim. P. 16(a)(1)(B) & (D). With respect to

documents and objects, Rule 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

Rule 16(a)(2) excludes reports, memorandum, or other internal government documents made by an attorney for the government, or other government agent, in connection with the investigation or the prosecution from discovery or inspection. In addition, Rule 16(a)(2) clarifies that statements made by prospective government witnesses are not discoverable except as provided in 18 U.S.C. § 3500 (the Jencks Act). The Jencks Act does not entitle a defendant to statements from government witnesses or prospective government witnesses until after the witness has testified at trial on direct examination. An exception to § 3500 applies to information commonly referred to as *Brady* material, named after *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady* and its progeny, evidence favorable to the accused must be disclosed if it is material to guilt or punishment, including evidence that casts doubt on the credibility of a government witness if it is material to the outcome of the trial. *United States v. Giglio*, 405 U.S. 150 (1972).

Regarding potentially exculpatory and impeaching evidence, the Defendant has not argued that any such evidence actually exists. The Government states that it "is fully aware of its continuing obligations to disclose under *Brady* and *Giglio*" and that it "is not aware of any *Brady* or *Giglio* information relevant to this case" but that if it comes into possession of such information, it will forward it to counsel for the Defendant. (Resp., ECF No. 44.) Because the prosecutorial obligation to provide the Defendant with exculpatory evidence in criminal cases

exists even in the absence of court order, the Court denies as moot the Motion to Discover Evidence Favorable to Defendant [ECF No. 37] but reminds the Government of its continuing obligation and assures the Defendant that the Government will be held appropriately responsible for any failure to comply with *Brady* and its progeny.

With respect to the Defendant's broad discovery and inspection requests, the Government responds to each numbered paragraph as follows:

1. Transcripts of statements made by the defendant have been provided to counsel in discovery. The actual recordings are available for inspection or recording.

2. The defendant's prior criminal record has previously been provided to counsel.

3. Any tangible objects relevant to this defendant have been provided previously in discovery.

4. Materials related [to] Target Telephone Ten will be forwarded to counsel.

5. All relevant tangible objects have been provided to counsel. The audio recordings from Target Telephone Ten are available for inspection.

6. The government has provided all materials required under Fed. R. Crim. P 16.

7. There are no co-defendant's in this case.

8. The government has not determined who its witnesses will be for trial, but will forward all relevant statements consistent with 18 U.S.C. § 3500 at the appropriate time prior to trial.

9. To the extent that any such information exists that is favorable to the defense, the government is aware of its continuing obligations to disclose under *Brady* and *Giglio* and will do so as appropriate.

10. Any such statements will be provided in accordance with 18 U.S.C. § 3500 at the appropriate time prior to trial.

11. The testimony of those witnesses the government intends to call in itscase-in-chief who appeared before the Grand Jury will also be provided at the appropriate time prior to trial and/or in accordance with 18 U.S.C. § 3500.

12. All such information will be provided with any relevant witness statements at the appropriate time prior to trial and in accordance with 18 U.S.C. § 3500.

13. To the extent that any such statements constitute either *Brady* or *Giglio* information, the government will disclose such information. The government presently is not aware of any such information.

14. There were no such individuals involved in the arrest of this defendant. Should the government come into possession of information to the contrary, such will be provided to counsel at the appropriate time prior to trial.

15. Any such information is contained in the discovery materials previously provided.

16. The government is not aware of any such information. However, the government is aware of its continuing obligation to provide *Brady* and *Giglio* material and will provide such information upon receipt.

17. Any such information will be provided to counsel at the appropriate time prior to trial and in accordance with 18 U.S.C. § 3500.

(Government's Resp. 1–3, ECF No. 47.) The Government also attaches its June 9, 2011, correspondence to Attorney Anthony Churchward (the Defendant's previous counsel) identifying the discovery materials that the Government was providing and making available for inspection. Many of the items of discovery the Defendant references in the Motion for Discovery and Inspection have already been addressed by this letter. The Government's Response indicates that it has answered all requests by providing materials or making them available for inspection, and or anticipates providing additional materials and statements in accordance with the applicable laws. Because the Defendant's Motion does not indicate that the Government has

failed to adequately respond to any of his discovery requests, an order directing the Government to produce the various categories of requests is not necessary. If the Defendant believes particular items exist and have not been provided in accordance with the governing laws, he may motion the Court with respect to those items. *See* Fed. R. Crim. P. 16(d)(2) (stating the remedies available if a party fails to comply with Rule 16).

### C. Informants and Cooperating Witnesses

The Defendant requests that the Court direct the Government "to furnish the Defendant with information concerning the use of informants, confidential informants, witnesses, informers, confidential sources, sources of information, infiltrators, cooperating individuals, security informers or intelligence assets who participated in any way or who are material witnesses to any of the events charged in the indictment." (Motion for Discovery, ECF No. 38.) In response, the Government states that "[t]here were no informants, operatives, or cooperating individuals that participated in or were material witnesses to any of the events charged in the Indictment of this defendant." (Government's Resp., ECF No. 43.) Given the Government's representation, the Court denies the Defendant's Motion as moot.

### D. Witness List

The Defendant requests that the Government be ordered to produce its witness list so that the Defendant can conduct his voir dire examination of the jury panel. The Government responds that the names of anticipated government witnesses are not discoverable under Rule 16, and asserts that, consistent with the local practice, it will provide the witness list to counsel prior to

trial. The Court concludes that the Defendant's access to the witness list before the start of trial provides adequate time to prepare for voir dire and, accordingly, denies the Defendant's request for an order directing production of the list.

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART as MOOT the Motion in Limine and for Notice by the Government of the Intention to Rely Upon Other Bad Acts Evidence and Regarding Co-conspirators Evidence and Request for Preliminary Determination of Admissibility [ECF No. 35], DENIES as MOOT the Motion for Discovery and Inspection [ECF No. 36], DENIES as MOOT the Motion to Discover Evidence Favorable to Defendant [ECF No. 37], DENIES as MOOT the Motion for Discovery and Inspection Concerning Government Use of Informants, Operatives, and Cooperating Individuals [ECF No. 38], DENIES the Motion to List Witnesses [ECF No. 39], and DENIES as MOOT the Motion Requesting Notice From Government of its Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b) [ECF No. 40].

SO ORDERED on December 21, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT